RADTKE PATENTS CORPORATION et al.
v. COE, Commissioner of Patents, et al.

No. 7577.

United States Court of Appeals for the
District of Columbia.

June 9, 1941.

Leonard Day, A. K. Shipe, Walter E. Gallagher, and John J. Sirica, all of Washington, D. C., for appellant Radtke Patents Corporation and Albert A. Radtke.

Joseph A. Shay and Thomas Ball, both of Los Angeles, Cal., for appellants Whitson Photophone Corporation and Delmar A. Whitson.

W. W. Cochran and H. S. Mackey, both of Washington, D. C., for U. S. Patent Office.

Leslie C. Garnett, Samuel F. Beach, and Kenneth S. Neal, all of Washington, D. C., for appellees American Tri-Ergon Corporation and another.

Fulton Brylawski, of Washington, D. C., amicus curiae.

Brien McMahon, of Washington, D. C., was permitted to appear specially in support of motion to strike portions of briefs of appellants Whitson Photophone Corporation and Delmar A. Whitson.

Before STEPHENS, MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

In this case a motion was made to strike certain portions of the briefs, which were filed on behalf of appellants Whitson and Whitson Photophone Corporation, on the ground that they contain irrelevant, immaterial and scurrilous matter. The motions are granted, without limitation, so far as they concern references to judges of the United States courts, to the United States Department of Justice and its officers; to the United States Patent Office and its officers; and to Brien McMahon and Walter E. Gallagher. There is nothing in the record to support the charges and innuendoes, which appear in Whitson's brief, against these offices and individuals; or against others who appeared as witnesses on behalf of Whitson's opponents in the various proceedings.

The motions are granted, also, so far as they concern references to Leonard Day and Larsen. Some of the language of the briefs is inexcusable. Under no circumstances could such language be proper in a brief; no matter how meritorious the case or how righteous the indignation of counsel. But the court wishes it to be understood that the granting of the motions in this latter phase is not intended to approve or excuse certain alleged conduct which is referred to in these portions of the briefs. Intimidation and harassment of witnesses and parties, inside or outside the courtroom, is much more reprehensible, violative of professional standards of conduct, and calculated to prevent the impartial administration of justice than is the use of intemperate language in a brief.